# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALABAMA-QUASSARTE TRIBAL TOWN,<br><br>    Plaintiff,<br><br>v.<br><br>(1) UNITED STATES OF AMERICA,<br>(2) SALLY JEWELL, Secretary of the United States Department of the Interior,<br>(3) KEVIN K. WASHBURN, Associate Deputy of the Department of the Interior,<br>(4) JACK LEW, Secretary of the Treasury, and<br>(5) MUSCOGEE (CREEK) NATION,<br><br>    Defendants. | Case No. CIV-06-558-RAW |

## **ORDER & OPINION**

Before the court is the motion to dismiss the First Amended Complaint by the Muscogee Creek Nation (hereinafter "Creek Nation") [Docket No. 181]. The Federal Defendants filed a response, requesting that the Creek Nation's motion be granted. For the reasons set forth below, the motion is hereby granted.

## **Brief History of this Action**

The Alabama-Quassarte Tribal Town (hereinafter "Plaintiff" or AQTT") filed this case on December 29, 2006 against the United States, the Secretary and the Associate Deputy Secretary of the U.S. Department of the Interior (hereinafter "DOI"), and the Secretary of the U.S. Department of the Treasury. The AQTT alleged that certain lands known as the Wetumka

Project lands were purchased under OIWA for the benefit of Plaintiff. The AQTT[1] requested a declaratory judgment that the Defendants failed to fulfill their legal obligations and duties as trustees and an order compelling Defendants: (1) to assign the Wetumka Project lands to the AQTT, and (2) to provide the AQTT with a full and complete accounting of all the AQTT's trust funds and assets.

On November 17, 2008, in ruling on the Defendants' motion for partial judgment on the pleadings, the court entered an Order & Opinion dismissing all claims related to the Wetumka Project lands. The court found that the Wetumka Project lands were never placed in trust for the AQTT, the AQTT's claims related to the Wetumka Project lands accrued on or before April 29, 1942, and thus those claims were time barred. Docket No. 50, pp. 9-14. The court further found that the Creek Nation is a necessary party to any claim regarding the Wetumka Project lands and could not be joined. Id. at 13-14. Plaintiff's claims related to the alleged tribal trust account, the "Surface Lease Income Trust," remained.[2] Id.

On September 21, 2010, the court denied Defendants' motion to dismiss and the parties' cross motions for summary judgment. In that Order & Opinion, the court noted that from 1961 to 1976 income from surface leases on the Wetumka Project lands was deposited into IIM account number xxxx0008 in the AQTT's name.[3] At some point, the funds in that account were

---

[1] The AQTT is a federally-recognized Indian tribe based in Wetumka, Oklahoma. The AQTT ratified its constitution and bylaws on May 24, 1939, and subsequently received federal recognition from the DOI for the purposes of organizing under the Oklahoma Indian Welfare Act ("hereinafter OIWA"). The AQTT is one of three Creek Nation tribal towns organized and charged under OIWA pursuant to the provisions of 25 U.S.C. § 503.

[2] According to the AQTT, between 1961 and 1976, income from surface leases derived from the Wetumka Project lands was deposited into an Individual Indian Money (hereinafter "IIM") account in the AQTT's name and was later transferred to a tribal trust account in its name. The court termed this the "Surface Lease Income Trust."

[3] A letter from an Oklahoma Agency Field Representative indicated that as of August 31, 1989, the AQTT's IIM account balance was $32,364,31.

moved into Proceeds of Labor (hereinafter "PL") account number xxxx7067. The court continued to refer to those funds as the "Surface Lease Income Trust." The court found that Defendants ignored substantial evidence demonstrating that the Surface Lease Income Trust was created for the benefit of the AQTT and that Defendants' conclusion on the ownership of the Surface Lease Income Trust was arbitrary and capricious.

The court remanded this action to Defendants for additional investigation and explanation. The court directed Defendants to assemble a full administrative record to include all of the evidence they possess with regard to the Surface Lease Income Trust and to reconsider their decision on the matter of ownership of that Trust.

On remand, this action was referred to the Interior Board of Indian Appeals (hereinafter "IBIA"). The Creek Nation entered an appearance in the matter and submitted a brief on the issues, "request[ing] the Interior Board of Indian Appeals to find and order that the Surface Lease Income Trust is the beneficial property of [the Creek Nation] and not AQTT." Docket No. 185, Exh. 4, p. 4. On October 23, 2014, the IBIA issued its final reconsidered decision on referral from the Assistant Secretary of Indian Affairs. The IBIA determined that the Surface Lease Income Trust was not held for the AQTT.

On March 3, 2015, Plaintiff filed its First Amended Complaint, adding the Creek Nation as a Defendant and adding a claim for appeal of the IBIA's decision as again being arbitrary and capricious. Plaintiff also added a claim for assignment of the Wetumka Project lands, stating that on remand it discovered that the Creek Nation had passed a resolution assigning the Wetumka Project lands to the AQTT.

Now before the court is the Creek Nation's motion to dismiss the First Amended Complaint. The Creek Nation argues that this court has no jurisdiction over Plaintiff's claims

3

against the Creek Nation absent an express waiver of the Creek Nation's sovereign immunity. The Creek Nation further argues that Plaintiff's claims regarding the Wetumka Project lands are untimely and barred by doctrines of estoppel and preclusion.

**Creek Nation's Sovereign Immunity**

The AQTT argues that when the Creek Nation filed its brief in this matter before the IBIA requesting that the IBIA find that the Surface Lease Income Trust belongs to the Creek Nation, the Creek Nation waived its sovereign immunity. The Creek Nation argues that it did not waive its sovereign immunity and thus this court does not have jurisdiction over it.

"Suits against Indian tribes are . . . barred by sovereign immunity absent a *clear waiver* by the tribe or congressional abrogation." Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509. (1991) (emphasis added). In Citizen Band Potawatomi, after the tribe sued the state to enjoin the assessment of taxes, the state counterclaimed requesting enforcement of the tax claim and that the tribe be enjoined from further sales without collecting and remitting those taxes. The Court held that the tribe had not waived its sovereign immunity. It reasoned that as they have immunity from direct suit, Indian tribes are similarly immune from cross-suits. Id. In that case, the cross-suit involved the very same subject matter as the suit brought by the tribe.

Following the rule of law stated in Citizen Band Potawatomi, it is clear that the Creek Nation has not waived its sovereign immunity here. The Creek Nation has not even brought a cross-suit. It simply filed a brief before the IBIA, as was requested. Such action is not a waiver and certainly not a clear one. Accordingly, this court has no jurisdiction over the Creek Nation.

4

**Wetumka Project lands**

This court previously dismissed all claims related to the Wetumka Project lands. The court found that the Wetumka Project lands were never placed in trust for the AQTT, the AQTT's claims related to the Wetumka Project lands accrued on or before April 29, 1942, and thus those claims were time barred. Docket No. 50, pp. 9-14. The claims were barred both by the Indian Claims Commission Act of 1946 and the six year statute of limitations set forth in 28 U.S.C. §2401(a).

The AQTT filed its First Amended Complaint to resurrect its claim for declaratory relief requiring the assignment of the Wetumka Project lands. The AQTT states it discovered new evidence while this action was on remand. The evidence is a Creek Nation tribal resolution requesting that the Wetumka Project lands be assigned to the AQTT. The resolution was drafted, signed, and filed with the United States in 1980. Docket No. 185, Exh. 2; Docket No. 185, Exh. 3, p. 316. This was a public document. Any possible claim here accrued in 1980. Again, the six year statute of limitations has passed. Accordingly, the Wetumka Project land claim is again dismissed.

**Conclusion**

The Creek Nation's motion to dismiss the First Amended Complaint is hereby GRANTED.[4]

**IT IS SO ORDERED** this 7th day of January, 2016.

*/s/ Ronald A. White*

THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[4] The court notes that the AQTT's claims against the remaining Defendants with regard to review of the IBIA's decision as to the Surface Lease Income Trust remain.